Nott, J.,
delivered the opinion of the court:
This is on a suit, .under the Abandoned or captured property act, to recover the net proceeds in the Treasury of three bales of cotton captured at Charleston. The amount of these proceeds is unknown to the claimant.
The claimant was a colored drayman residing in Charleston during the rebellion. At the time of the capture of the city he owned three bales of cotton. The only point made by the defendants goes to the sufficiency of the proof of capture.
The claimant has proved the capture by two reputable witnesses; one of whom was the government, weigher of the captured cotton in Charleston, the other the government marker. Both testify clearly and satisfactorily to the receipt of the claimant’s cotton. But it is objected that the claimant has not produced the quartermaster’s registration book of captured cotton, and that it would be the better evidence.
The Abandoned or captured property act provides “ that the Secretary of the Treasury” “ shall cause a booh or boohs of account to be hept, showing from whom such property was received, the cost of transportation,-and proceeds of the sale thereof,” (sec. 3.) But the act does not require, nor does it contemplate any such books being kept by officers not under the control of the Secretary of the Treasury. The Registration Books kept by the quartermasters at Savannah and Charleston, were but their official memoranda, having no higher character than their official reports. We have repeatedly held that they were not conclusive, and that the claimant might show the capture by other evidence if the books contained no entry affecting his property. The law of evidence regards that evidence as best which is in its nature the most conclusive. These books do not fulfil that requisite. If they showed that the claimant had no property captured, he might contradict them and show that he had. If they showed a capture of one bale, he might again contradict them and show a capture of three. They constitute, in fact, *280 evidence of a lower nature than the testimony of an unim-peached witness taken under the sanction of an oath and tested by. the scrutiny of a cross-examination, and are satisfactory only when their entries show specific captures, and form, as it were, admissions on the part of the defendants. Finally, the books are in the possession of the defendants, and the defendants’ counsel can always produce them if their contents will sustain the defence.
The judgment of the court is, that the claimant recover the net proceeds in the Treasury of three bales of upland cotton captured at Charleston, being $134 70 a bale, amounting in the aggregate to $404 10.